## Patrick Burns *vs.* Marland Manufacturing Company.

By *St.* 1857, *c.* 200, § 2, sums due for personal labor are exempted, to the extent of twenty dollars, from foreign attachment on any claim, whether in contract or tort, other than for necessaries furnished to the debtor or his family; and payment, by one summoned as trustee in an action of tort, of such a sum under a judgment on default does not discharge the debt.

Action of contract for wages of the plaintiff's personal labor.   Answer, payment of the sum due, which was less than $20, on an execution issued on a judgment recovered by Charles Pray in an action of tort in the nature of trover against this plaintiff, and these defendants as his trustees.   Demurrer, because the sum in question was exempt from attachment by trustee process, except for necessaries furnished to the debtor or his family.   The court of common pleas overruled the demurrer, and the plaintiff appealed.

No appearance for the plaintiff.

*T. P. Pingree, Jr.* for the defendants, contended that the exemption by *St.* 1857, *c.* 200, § 2, of wages for personal labor to the amount of twenty dollars from attachment by trustee process for " any debt or demand other than for necessaries furnished to the debtor or his family," did not apply to actions of tort; and

that, by the Rev. Sts. *c.* 109, § 47, the judgment against these defendants as trustees discharged them of all demands for sums paid under that judgment.

BIGELOW, J.   The "demand" on which the plaintiff in this action was originally sued was not for necessaries furnished to the plaintiff or his family.   The defendants were not liable as trustees in that action for any sum due the present plaintiff, not exceeding twenty dollars.   *St.* 1857, *c.* 200, § 2.   The payment on the execution in that suit by the defendants as trustees is therefore no defence to the claim of the plaintiff in this action. It was the duty of the defendants to have answered as trustees in the original action and disclosed that the amount of their indebtedness to the plaintiff did not exceed twenty dollars. Their omission to do so and their voluntary payment on the execution have not discharged their liability to the plaintiff.

*Judgment on the demurrer for the plaintiff.*